IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHERRY AMUNDSEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KRISTIN JONES, UTAH COUNTY SHERIFF'S OFFICE,<br><br>　　　　　　Defendants. | ORDER & MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:05 CV 939 |

　　　　Plaintiff Sherry Amundsen filed this lawsuit under 42 U.S.C. § 1983, alleging that Defendants Kristin Jones, a deputy of the Utah County Sheriff's Office, and the Utah County Sheriff's Office[1] violated Ms. Amundsen's constitutional rights after her vehicle was stopped and she was subjected to field sobriety tests, an arrest on suspicion of driving under the influence, and additional toxicology testing post-arrest. On September 29, 2006, the court signed an Order & Memorandum Decision granting Defendant Utah County summary judgment on all claims and also granting Deputy Jones summary judgment on Ms. Amundsen's claim that she was wrongfully arrested. (See Order & Memorandum Decision (dkt. #24).) But the court declined to grant Deputy Jones summary judgment on Ms. Amundsen's allegations that Deputy Jones impermissibly expanded the scope of the traffic stop by performing field sobriety tests and her general allegation that the post-arrest testing was impermissible.

---

[1] Although Ms. Amundsen named the Utah County Sheriff's Office as a defendant, the parties agree that Utah County itself, rather than the Utah County Sheriff's Office, should be considered the proper defendant.

Now pending before the court are several motions filed after the entry of the Order & Memorandum Decision signed on September 29, 2006.  Specifically, Defendants filed a Rule 59 Motion to Alter or Amend Order and Judgment, arguing that the court's order took an overly broad view of Ms. Amundsen's complaint and misapplied the qualified immunity standard.  Defendants also request that the court strike a transcript of a Department of Motor Vehicles hearing that was submitted by Ms. Amundsen as part of her opposition to Defendants' motion for summary judgment.  Ms. Amundsen, for her part, has requested leave to file an amended complaint.  According to Ms. Amundsen, the amended complaint does not raise new claims, but merely spells out in more detail claims already present in the complaint now governing this case.  Finally, Defendants have moved to vacate the trial setting and to strike the final pretrial conference currently scheduled for December 13, 2006.  In support of that motion, Defendants note that several motions are currently pending and that the manner in which those motions are resolved could affect the parties' ability to proceed to trial.

A.  *Motion to Alter or Amend*

A motion for rule 59(e) relief "should be granted only to correct manifest errors of law or to present newly discovered evidence."  <u>Adams v. Reliance Standard Life Ins. Co.</u>, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (internal quotation omitted).  Defendants do not contend that newly discovered evidence compels relief from the court's previous order.  Rather, Defendants argue that an alteration or amendment of the previous order is warranted because the court committed manifest legal error.

Defendants motion to amend is largely based on Defendants' belief that the court's September 29, 2006 order read Ms. Amundsen's complaint too broadly and addressed claims not specifically raised by Ms. Amundsen.  The court's previous order discussed the scope of Ms.

Amundsen's claims in some detail, concluding that those claims encompassed challenges to Deputy Jones's use of field sobriety tests as well as the post-arrest testing. (See id. at 12-13 & 17 n.3.) The arguments raised by Defendants in their motion to alter or amend concerning the scope of Ms. Amundsen's claims amount to nothing more than a disagreement with the court's ruling.

Similarly, in challenging the appropriateness of the court's qualified immunity analysis, Defendants do not raise any argument that meaningfully varies from that supplied in advance of the court's previous ruling. As with Defendants' arguments concerning the scope of Ms. Amundsen's claims, Defendants' position with respect to the court's qualified immunity analysis amounts to simple disagreement with the court's ruling on that issue. The court has considered the arguments raised by Defendants, but declines to alter or amend the previous order.[2]

*B.     Motion to Strike*

Defendants filed a motion to strike a transcript from a DMV hearing that Ms. Amundsen submitted in support of her opposition to Defendants' motion for summary judgment. Defendants' motion to strike was filed over two weeks following the date that the court ruled on Defendants' motion for summary judgment. See Noblett v. Gen. Elec. Credit Corp., 400 F.2d 442, 445 (10th Cir. 1968) ("An affidavit that does not measure up to the standards of Rule 56(e) is subject to a motion to strike; and formal defects are waived in the absence of a motion or other objection."). In Defendants' reply to Ms. Amundsen's opposition to Defendants' summary judgment motion, Defendants referenced the hearing in question but did not challenge the admissibility of the hearing transcript. (See Reply Memo. in Supp. of Defs.' Mot. for Summ J. 6 (dkt. #20).)

---

[2] In their motion to alter or amend, Defendants argue that Ms. Amundsen's claim concerning the post-arrest testing must fail because she consented to the testing. This argument was not offered during the initial briefing of Defendants' motion for summary judgment and, as the record now stands, granting Defendants summary judgment on that claim would be inappropriate.

In any event, the court did not rely upon the contents of the hearing transcript in its order regarding Defendants' motion for summary judgment, but rather relied only upon the deposition transcripts and affidavits provided by counsel. Accordingly, even if the transcript was inadmissible, its presence in the record was harmless. Defendants' motion to strike the transcript is moot.

C.   *Motion to Amend*

Ms. Amundsen requests permission to amend her complaint. According to Ms. Amundsen, the requested amendment does not add any additional claims, but merely "sharpen[s] up her theories of recovery." (Memo. of Law in Supp. of Plf.'s Mot. to Amend Her Compl. 3 (dkt. #32).) Defendants counter that the time for filing amended pleadings has passed and that Ms. Amundsen's motion must be denied.

Ms. Amundsen's motion is, indeed, untimely. The deadline for filing amended pleadings passed approximately seven months ago. Ms. Amundsen's desire to simply submit a more clear, or "sharper," complaint, is not a sufficient reason to allow an amendment at such a late date.[3] As stated by the Tenth Circuit:

> Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay. "Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."

Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995) (internal citation omitted) (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984)). Accordingly, Ms. Amundsen's motion to amend is denied.

---

[3] In her memorandum supporting her motion to amend, Ms. Amundsen herself indicates that an amendment is not necessary, stating that the "Court has had [sic] pointed to various references in Plaintiff's pleadings which seem to obviate the need to amend her complaint." (Memo of Law in Supp. of Plf.'s Mot. to Amend Her Compl. 3 (dkt. #32).)

D.  *Motion to Vacate Trial Setting*

In large part, Defendants' motion to vacate the current trial setting was premised on the uncertainty surrounding the motions just discussed. Defendants also raise concerns about the propriety of continuing toward trial without the opportunity to reopen discovery to more fully investigate Ms. Amundsen's allegations concerning the permissibility of the field sobriety tests and post-arrest testing. And Defendants also indicate that, in the absence of an alteration or amendment of the court's previous order, they may pursue an interlocutory appeal.

Defendants do not specifically identify why additional discovery is warranted, and instead simply reassert their position that Ms. Amundsen never sufficiently pleaded claims relating to the scope of the traffic stop or post-arrest testing. As the record now stands, there is not sufficient reason to vacate the trial setting and Defendants' motion is therefore denied. Should Defendants decide to pursue an interlocutory appeal or file a specific request for the re-opening of discovery, the court would entertain a motion to vacate the trial setting at that time.

## Conclusion

For the foregoing reasons, Defendants' Rule 59 Motion to Alter or Amend Order and Judgment (dkt. #26) is DENIED. Defendants' Motion to Strike Transcript (dkt. #28) is DENIED as moot. Plaintiff's Motion to Amend Her Complaint (dkt. #31) is DENIED. Defendants' Motion to Vacate Trial Setting (dkt. #42-1) is DENIED.

SO ORDERED this 6th day of December, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge